UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    Chapter 11

TAYLOR, BEAN & WHITAKER                   Case No. 3:09-bk-07047-JAF
MORTGAGE CORP., *et al.,*                  Case No. 3:09-bk-10022-JAF
                                          Case No. 3:09-bk-10023-JAF
        Debtors.                          (Jointly Administered Under
                                          Case No. 3:09-bk-07047-JAF)

_____/

NEIL F. LURIA, as Trustee to the TAYLOR,
BEAN & WHITAKER PLAN TRUST,                Adv. Pro. No. _____

        Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS
DIVISION OF BANKS,

        Defendant.

_____/

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Neil F. Luria, as Trustee for the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"),

pursuant to 11 U.S.C. §§ 547 and 550, sues[1] the Defendant, Commonwealth of Massachusetts

Division of Banks (the "Defendant") to avoid and recover preferential transfers, and in support

thereof, alleges:

---

[1] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Plaintiff may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "Claims"), Plaintiff reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right. If the Defendant has a claim against the estate then this Complaint commences an objection to the allowance thereof because the Defendant has failed to disgorge a preferential transfer it received.

## JURISDICTION

1.     This adversary proceeding is brought to recover preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

2.     This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F).[2]

## PARTIES AND PROCEDURAL BACKGROUND

3.     Taylor, Bean & Whitaker Mortgage Corp. (the "Debtor") commenced its bankruptcy case on August 24, 2009 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

4.     On July 21, 2011, the Bankruptcy Court entered its order confirming the *Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") (Order, D.E. # 3420).  Pursuant to the Plan, and the Taylor, Bean & Whitaker Plan Trust, the Plaintiff, as Trustee of the Plan, is empowered to commence this case against the Defendant.

---

[2] By filing this Complaint in the office of the Clerk of the Bankruptcy Court Plaintiff is necessarily filing it within the District Court as the Bankruptcy Court is, at the very least for administrative purposes, a unit of the District Court. 28 U.S.C. § 151. Moreover, the District Court's Order of Assignment of Cases Arising Under Title 11, United States Code, No. 84-MISC-152 mandates that actions arising in or under or related to cases under title 11 of the United States Code be immediately referred the Bankruptcy Court, and by longstanding practice such adversary proceedings are therefore filed at the office of the Clerk of the Bankruptcy Court and not the office of the Clerk of the District Court. At least one federal court opinion outside this circuit purporting to apply the teaching of the recently decided case by the United States Supreme Court, *Stern v. Marshall*, 131 S.Ct. 2594 (2011), suggested that adversary proceedings like this one are outside the Bankruptcy Court's jurisdiction to hear or determine, necessitating dismissal of the complaint without consideration of the more reasonable option of simply withdrawing the reference so that an Article III district judge will be the judicial officer to enter judgment. While Plaintiff vigorously disagrees with such opinion(s), in an abundance of caution, Plaintiff requests that, in the event that it is later determined by this or any other court of competent jurisdiction that the Bankruptcy Court may not enter final judgment in this adversary proceeding, the District Court's reference of this adversary proceeding be withdrawn or be deemed withdrawn, as necessary, so that the merits of the complaint may be heard by a constitutionally authorized judicial officer and not dismissed.

BERGER SINGERMAN
attorneys at law

*Boca Raton    Fort Lauderdale    Miami    Tallahassee*

5.     The Defendant is an entity with a principal place of business at 1000 Washington Street, Boston, MA 02118-6400.

6.     Prior to the Petition Date, the Debtor made payment(s) to the Defendant totaling $326,957.57 (the "Payments"). The Plaintiff sent a letter to the Defendant demanding the return of the Payments. As of the date of the filing of this complaint, the Defendant has not paid the amount demanded by the Plaintiff.

**COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS
PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE**

7.     Plaintiff realleges the allegations set forth in paragraphs 1 through 6, and incorporates those allegations by reference.

8.     On or within 90 days before the Petition Date, that is, between May 25, 2009 and August 24, 2009 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including the Defendant.

9.     The Debtor transferred property of the Debtor to the Defendant during the Preference Period in an amount not less than $326,957.57 (the "90-Day Transfers"). Attached hereto as "Exhibit A"; and incorporated herein by reference, is a list of the Transfers presently known to Plaintiff to have been made by the Debtor to the Defendant. The exhibit includes: (i) the name of the Defendant, (ii) the Defendant's address, (iii) the check or wire number of each transfer, (iv) the amount of each transfer, and (v) the date each check cleared the bank.

10.     During the pendency of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revision to the

-3-

Defendant's name, and/or (iv) additional defendants (collectively, the "Amendments"), that may become known and to request that the Amendments relate back to this original Complaint.

11.     The Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. § 101(10)(A) at the time of the 90-Day Transfers. At the time of the Transfers, the Defendant had or claimed a right to payment on account of an obligation owed to the Defendant by the Debtor.

12.     The 90-Day Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the 90-Day Transfers either reduced or fully satisfied a debt then owing by the Debtor to the Defendant.

13.     The 90-Day Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before the Transfers were made and the antecedent debts to which each Transfer related are identified on the attached Exhibit A.

14.     The source of the funds for the 90-Day Transfers were property of the Debtor or property in which the Debtor had an interest.

15.     Inasmuch as on the date of each 90-Day Transfer, the fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* filed by the Debtor in the Bankruptcy Case [D.E. # 2144], the Debtor was insolvent at all times during the 90 days prior to the Petition Date.

16.     As a result of the 90-Day Transfers, the Defendant received more than it would have received if: (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) the Defendant received payment of its claims under the provisions of the Bankruptcy Code.

-4-

BERGER SINGERMAN        *Boca Raton    Fort Lauderdale    Miami    Tallahassee*
        attorneys at law

17.     In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**WHEREFORE**, the Plaintiff requests the Court to enter a Judgment:

a.     Declaring the 90-Day Transfers, in the amount of $326,957.57, to have been preferential transfers pursuant to Section 547 of the Bankruptcy Code;

b.     Disallowing any claim that the Defendant may have against the Debtor;

c.     Avoiding the 90-Day Transfers as preferential transfers in violation of Section 547(b) of the Bankruptcy Code;

d.     Requiring the payment of the 90-Day Transfers to the Plaintiff; and

e.     Granting such other and further relief as may be just and proper.

## COUNT II – RECOVERY OF PROPERTY
## PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

18.     Plaintiff realleges the allegations set forth in paragraphs 1 through 17 and incorporates those allegations by reference.

19.     The 90-Day Transfers are avoidable pursuant to Section 547 of the Bankruptcy Code and, as a result, the Transfers are recoverable by the Plaintiff pursuant to Section 550 of the Bankruptcy Code.

BERGER SINGERMAN     *Boca Raton   Fort Lauderdale   Miami   Tallahassee*
attorneys at law

**WHEREFORE**, the Plaintiff requests that the Court:

a.　　Entering a money judgment against the Defendant for the amount of the avoided Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b.　　Disallowing any claim that the Defendant may have against the Debtor; and

c.　　Granting such other and further relief as may be just and proper.

Dated: August 23, 2011

BERGER SINGERMAN, P.A.
Attorneys for Plaintiff
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340


By:___*/s/ Kristopher Aungst*_____
　　　Paul Steven Singerman
　　　Florida Bar No. 378860
　　　singerman@bergersingerman.com
　　　Kristopher Aungst
　　　Florida Bar No. 55348
　　　kaungst@bergersingerman.com

3797283-2

-6-

## EXHIBIT A

Commonwealth of Massachusetts Division of Banks
1000 Washington Street, 10th Floor
Boston, MA 02118-6400

| Check Number | Date Cleared | Amount |
|---|---|---|
| 00261085 | 5/27/2009 | $      17.00 |
| 00261220 | 5/28/2009 | 75.00 |
| 00261221 | 6/1/2009 | 75.00 |
| 00261495 | 6/10/2009 | 75.00 |
| 00261496 | 5/27/2009 | 75.00 |
| 00262439 | 6/16/2009 | 75.00 |
| 00264038 | 6/24/2009 | 4,000.00 |
| 00265118 | 7/6/2009 | 75.00 |
| 00265434 | 7/29/2009 | 75.00 |
| 00266046 | 7/10/2009 | 321,428.57 |
| 00266068 | 7/15/2009 | 20.00 |
| 00266373 | 7/28/2009 | 75.00 |
| 00266374 | 7/21/2009 | 75.00 |
| 00266730 | 7/23/2009 | 17.00 |
| 00267072 | 7/27/2009 | 75.00 |
| 00267073 | 7/27/2009 | 75.00 |
| 00267679 | 7/29/2009 | 75.00 |
| 00267914 | 8/10/2009 | 75.00 |
| 00268207 | 8/3/2009 | 500.00 |
| Total | | $ 326,957.57 |